UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOENELL RICE, *Pro Se*, ) | Case No. 1: 19 CV 472 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| UNITED STATES NORTHERN ) | |
| DISTRICT FEDERAL COURT, ) | |
| ) | |
| ) | MEMORANDUM OF OPINION |
| Defendant ) | AND ORDER |

*Pro Se* Plaintiff Joenell Rice, a federal prisoner, has filed a civil rights Complaint in this matter against the United States Northern District Federal Court. (ECF No. 1.) He contends his constitutional rights were violated in his federal criminal case in this District, and he seeks $15 million in damages and immediate release from prison.

Federal district courts are required, under 28 U.S.C. § 1915A, to review as soon as practical after docketing any complaint filed in a civil action in which a prisoner seeks redress from a governmental entity, and to dismiss before service such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

The court finds that the Plaintiff's Complaint must be summarily dismissed under § 1915A for failure to state a claim.

To the extent the Plaintiff seeks release from imprisonment based on alleged constitutional violations in his federal criminal trial, he must pursue direct appeal from his criminal conviction, and then file a federal motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Where a prisoner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In addition, the Plaintiff has alleged no plausible claim for damages under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* authorized damages actions against individual federal officials for alleged civil rights violations, but not actions against federal agencies and entities. *See FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994) ("[T]he purpose of *Bivens* is to deter the officer. . . . An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). The "United States Northern District Federal Court," the named defendant here, may not be sued for damages under *Bivens*.

Further, the Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), that in order to recover damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck* applies to damages actions brought

under *Bivens*. *Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998). The Plaintiff's Complaint fails to allege a plausible damages claim because it does not set forth allegations demonstrating that his federal conviction or sentence has been overturned or invalidated in any of the ways articulated in *Heck*.

**Conclusion**

Based on the foregoing, this action is dismissed in accordance with 28 U.S.C. § 1915A. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 26, 2019